The opinion of the Court was delivered by
O’Neall, J.
In this case the Court is satisfied with the order made below.
Looking to the record, alone, there is nothing to prevent the plaintiff’s rule from being made absolute. It is only when Wily J. Harris’s claim is interposed, that it becomes necessary to suspend the plaintiff’s rule and to inquire to whom does the execution belong.
It is perfectly immaterial that the claim of Harris was presented to the Court, in October, by the sheriff, in his return to the rule, so far as Harris’s objection that he has been “ drafted” as a party is concerned. For he only had to disavow his interest in the execution, and then, he would have been absolved from all liability under the issue ordered; but he did not do so. This claim was again set up in opposition to the second rule, at the last Court.
It was a favor to him, that he should be permitted, then, to take the place in the issue which had been offered to him before, and which he had failed to occupy.
It may be that he had no notice of the order made, at the last October Court, before it was made. That, however, does not help him. For the issue was ordered to inform the Court, whether the facts stated by the sheriff were true. The order-permitted Harris to verify the facts, which the sheriff stated for him.
If he was not served with the notice of the order to make up the issue, the Judge below, in giving him further time, obviated that objection.
It is the party moving for an issue .that is required to enter *323 into a consent rule to pay the costs. A defendant is never subjected to such terms.
The motion is dismissed.
Wardlaw, Frost, Withers, Whitner and Glover, JJ., concurred.

Motion dismissed.